**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Derrick Bradley,

Plaintiff,

v.

Las Vegas Metro Police Department; et al.,

Defendants.

Case No. 2:26-cv-01570-CDS-DJA

**Order**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 1). Plaintiff has filed a motion to exceed the page limit, attaching a 44-page amended complaint with 75 pages of exhibits. (ECF No. 5). Plaintiff then filed another 45-page amended complaint with 80 pages of exhibits, but did not file an accompanying motion to exceed the page limit. (ECF No. 6).

The Court finds that Plaintiff's application to proceed *in forma pauperis* is complete and grants it. Because amended complaints supersede the original, the Court screens Plaintiff's latest-filed amended complaint (ECF No. 6), even though Plaintiff did not file an accompanying motion to exceed the page limit. The Court dismisses Plaintiff's amended complaint without prejudice and with leave to amend because the amended complaint does not comply with Federal Rule of Civil Procedure 8. Because the Court screens Plaintiff's latest amended complaint, it denies his motion to exceed the page limit for his superseded amended complaint (ECF No. 5) as moot.

**I. *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). The Court finds that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II. Plaintiff's motion to exceed page limit and amended complaint.**

An amended complaint generally supersedes an original. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). So, the Court will screen Plaintiff's amended complaint filed at ECF No. 6 rather than the complaint attached to his application to proceed *in forma pauperis* (ECF No. 1-2) or the complaint attached to his motion to exceed page limit (ECF No. 5-1). The Court will further deny Plaintiff's motion to exceed page limit as moot because it is related to a complaint that the Court does not address. (ECF No. 5).

Plaintiff did not file a motion to exceed the page limit for his 45-page amended complaint filed at ECF No. 6. The instructions for the form he filled out require that "[i]f you believe that you need to file a complaint or amended complaint that is longer than 30 pages, you must file a motion seeking permission to exceed the page limit and explain your reasons for exceeding the 30-page limit."[1] Despite Plaintiff's failure to file a motion to exceed the page limit, the Court screens Plaintiff's amended complaint.

**III. Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

---

[1] This form can be found online at https://www.nvd.uscourts.gov/court-information/forms/ under Code 42.1983.

719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**IV. Screening the complaint.**

Plaintiff sues the Las Vegas Metropolitan Police Department ("LVMPD"); LVMPD Detective J. Mercado; the State of Nevada; Assistant District Attorney Kassandra Acosto; attorney Christopher Grasso; Sheriff Kevin McMahill; District Attorney Steven B. Wolfson; attorney Ashley Sisolak; a defendant simply titled "Prosecuting Agency"; John Doe 1-50 personnel of LVMPD; LVMPD Sergeant T. Ivie; LVMPD Crime Scene Analyst C. Nunez; LVMPD Detective E. Deury; LVMPD Officer J. Corral; LVMPD Officer M. Jenkins; LVMPD Officer C. Cameron; LVMPD Officer J. Castellanos; and Eighth Judicial District Court Judge Carli Kierny. Plaintiff's complaint arises out of a November 5, 2024, altercation he had with another individual, which altercation resulted in his arrest. Plaintiff's complaint describes his arrest and his court proceedings leading up to his guilty plea.

However, Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8.[2] Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Ninth Circuit recently made clear that district courts need not accept "shotgun pleadings." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026). There are four main types of shotgun pleadings which contravene Rule 8:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Gibson*, 165 F.4th at 287-88.

---

[2] Plaintiff's complaint appears to contain certain other deficiencies. But because the Court dismisses the complaint under Rule 8 due to its confusing nature, the Court does not address those deficiencies here.

Shotgun pleadings undermine a fundamental purpose of Rule 8, which is to provide defendants with adequate notice of the plaintiff's claims, including the facts and the legal basis for relief. *Gibson*, 165 F.4th at 1289-90. The problem with such pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* "It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289. Rather, "[f]actual allegations, however detailed, must be tied to corresponding causes of action." *Id.* at 1293. Pro se litigants must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Plaintiff's 45 page complaint fails to comply with the pleading standards outlined in Rule 8 because Plaintiff does not connect his alleged facts to his causes of action. Plaintiff's complaint is instead confusing, rambling, and lumps his claims and the Defendants against whom he brings them together. For example, in his first claim, Plaintiff lists the following constitutional or federal civil rights he asserts were violated: "Due process and right to fair trial violations; MONELL claim/violation; abuse of process; illegal search and seizure; retaliation; conspiracy; Discrimination § 1931 §1985." Plaintiff also marks *two* boxes under the portion of the form that asks him to identify the issue involved and instructs him to check only one box. He checks "Retaliation" and "Other," stating that the other issues involve "ADA act violations; 42 U.S.C. 1983." Plaintiff then states that "[t]he allegations set forth in Claim 2 of this complaint are hereby incorporated, repeated, and realleged inclusively, with the same force and effect as is fully set-forth [sic] herein." Plaintiff goes on to provide a narrative explanation of the underlying events, including multiple conclusory allegations and often lumping Defendants together. These issues are repeated in Plaintiff's second claim (which he further breaks into three sub-parts) and third claim. The Court will therefore dismiss Plaintiff's complaint without prejudice and with leave to amend. In any amended complaint, Plaintiff must identify each legal claim, identify the legal provision under which his claim arises, identify the specific defendant responsible for the alleged violation, connect the facts to that claim, describe the resulting harm, and state the requested relief.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted**. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Derrick Bradley, Inmate No. 93214** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk is further kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that Plaintiff's motion to exceed page limit (ECF No. 5) is **denied as moot.**

**IT IS FURTHER ORDERED** that the amended complaint (ECF No. 6) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **December 28, 2026**, to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each Defendant must be sufficiently alleged. Failure to comply with this order will result in the recommended dismissal of this case.

DATED: November 24, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE